JAMES H. STEVENS

*v.*

CORTLANDT V. REEVES and wife.

A mortgage was given in 1871, to a partnership firm, payable in ten years. In 1875 the firm assigned it to the complainant, as collateral security for their note.—*Held,*

(1) That usury, taken by the complainant from the partners on their note, could not be set up as a defence by the mortgagor on foreclosure.

(2) That the omission of the assignor as a party to a foreclosure by the complainant (who held the mortgage as collateral, as before stated), no objection on that ground being raised by the answer, and no necessity for his being made a party appearing, could not be set up at the hearing.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. M. B. Taylor,* for complainant.

*Mr. J. B. Huffman,* for defendants.

THE CHANCELLOR.

The questions presented by the briefs of counsel are these four: First, whether the amount of a certain check of $120, drawn by R. D. Edwards & Son, on the First National Bank of Camden, dated June 21st, 1875, and payable to complainant or bearer, which is admitted to have been paid on account of the mortgage in suit, is included in a general credit of interest paid to " March, 1875," on the note, as collateral security for which the complainant holds the bond and mortgage.   Second, whether the amount of two other checks, drawn by R. D. Edwards & Son, on the Cumberland National Bank, one for $100, dated May 11th, 1875, payable to self or bearer, and the other for $246, dated May 29th, 1875, payable to the complainant or order, should be credited as payments on the note.   Third, whether the defendants are, seeing that they have not set up usury in their answer, entitled to a credit of the unlawful interest proved to have been paid on the note from its date to March 18th, 1875 ; and fourth, whether the mortgagees, who assigned the bond and mortgage to the complainant, as collateral security for the payment of their note to him, are necessary parties to this suit.

The bond and mortgage are dated March 11th, 1871, and were given by the defendants to Richard D. and James H. Edwards, to secure the payment of $1,178 in ten years, in equal annual payments, with interest annually.   The note, as collateral to which the complainant holds them, is for $1,000 and interest, is

Stevens v. Reeves.

dated March 18th, 1875, and was made by the mortgagees, by their firm name of R. D. Edwards & Son, in his favor.

First, as to the $120 check. The complainant swears positively that the amount of it was included in the credit, endorsed on the note, of interest paid up to March, 1875. He says that check paid the interest in full on the note up to March 18th, 1875. Opposed to this is the testimony of James H. Edwards, who says that that check was not, to his knowledge, included in the credit of March 18th, 1875; that he is positive it was not; that it was a credit to go on the note outside of that; that it is not included in any of the credits on the note, and that it should be credited on the note on the day of its date. On cross-examination he says that he paid all the interest himself, but cannot tell on what day, as he has nothing to show for it; that he paid it in money and took no receipt for it, and that he never paid interest in checks. He adds that he has overhauled the books and finds no checks to the complainant's credit for interest. Being re-examined in chief, he says, to the best of his knowledge, the interest was all paid up to March 18th, 1875, before he gave the check. It is quite probable he is mistaken when he says that he never paid interest on the note in checks, for he certainly did make payments on account of the note in checks.

He claims to have given the check in controversy on account of the note, and he also swears that two other checks for $100 and $246 respectively, dated in May, 1875, were, to the best of his knowledge, given to the complainant as payments on the note; and he testifies also, positively (and correctly), that another check for $100, dated in August, 1878, and still another for $75, given on or about September 1st, 1875, were given on account of the note. Moreover, the qualified way in which he expresses himself when he says the amount of the check was not covered by the receipt for interest up to March 18th, 1875, is some evidence at least that he is not quite confident of the accuracy of his recollection. Again, as will be seen when his testimony in reference to the two checks dated in May, 1875, for $100 and $246 respectively, is considered, his testimony is not entitled to such credit as that his statement (certainly somewhat

qualified, to say the least of it), from recollection should be permitted to countervail the positive testimony of the complainant to the contrary. Edwards swears that "to the best of his knowledge" those checks were payments on account of the note. The complainant, on the other hand, swears that they were not, but were checks drawn by R. D. Edwards & Son on the Cumberland National Bank, to be deposited to their own credit in the First National Bank of Camden, of which the complainant was at that time cashier. The books of the bank corroborate him, but Edwards's testimony on the subject is in no way supported. The conclusion is that those checks and the $120 check should not be credited on the note; the amount of the latter having already been credited thereon, and the former not having been given to the complainant at all, nor on account of the note in any way, but the amounts thereof having gone to the credit of R. D. Edwards & Son for their own use.

It is admitted by the complainant that he received interest at the rate of twelve per cent. per annum on the note from its date up to March 18th, 1875. The complainant's counsel insists that the defendants cannot, under the practice of the court, be permitted to avail themselves of this fact by way of defence or even of credit on the note, because the defendants have neither set up usury in their answer nor claimed the benefit of the unlawful interest. But the defendants are in no situation to plead or claim the benefit of the unlawful interest. The note was not given by them and does not represent their debt. The bond and mortgage are the evidences of their indebtedness, the note of that of R. D. Edwards & Son. If unlawful interest has been paid on the note it is a matter which does not concern the defendants, and of which they can have no advantage.

The bond and mortgage were assigned to and are held by the complainant merely as collateral security for the note. That fact does not appear by the bill but it does by the proof. The complainant produces two assignments, one written on the mortgage and the other a separate paper. The former, by its terms, expressly assigns the bond and mortgage as collateral security merely. That assignment not having been acknowledged could

Stevens v. Reeves.

not be recorded, and therefore the other, which is, by its terms, absolute, was executed and acknowledged and recorded. In his testimony, the complainant says the assignments were as collateral security for the payment of the note and he also says that when the note is all paid the mortgage should be canceled. The defendants, who are the mortgagor and his wife, state in their answer that they have paid the amount of the mortgages, and that the latter paid it to the assignee. This is not proved, indeed, and the answer is not evidence of the fact, but the statement is in accordance with the allegation of the complainant that the mortgagees have no claim to any surplus of the amount apparently due on the mortgage over the amount due on the note. Richard D. Edwards, the senior partner of the firm of R. D. Edwards & Son, is dead; James H. Edwards, the other partner, has, as has been seen, been a witness in the cause and he has not denied or questioned the above-mentioned statement of the complainant that when the note is paid the mortgage should be canceled. He has not set up any claim to any surplus or any interest in the mortgage in view of any surplus. Though it is a general rule that if the assignment of a mortgage be not absolute, but merely as collateral security, the assignor is a necessary party to the suit (*Miller* v. *Henderson, 2 Stock. 320*), yet if no necessity appears on the face of the pleadings for making him a party, and it does not appear that he has any interest, the objection made at the hearing that he is not a party will not prevail. *Woodruff* v. *Depue, 1 McCart. 168.* Here it does not appear by the bill that the mortgagees have any interest in the surplus. The answer is silent on the subject. It makes no objection for want of parties. The complainant alleges in his testimony that the mortgagees have no interest in the surplus, and the surviving mortgagee, when on the stand as a witness, does not deny it. Moreover, the entire testimony is devoted to proof not as to how much is due on the mortgage, but how much is due on the note, and the complainant proposes to take no decree for any surplus. The objection of want of parties cannot prevail.

There will be a decree for the complainant for the amount due on the note, $1,410.70, and his costs.